UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CRISPIN BROWN,

       Plaintiff,                                  Civil Action No.
                                                       14-CV-10543

vs.

                                                        Honorable Patrick J. Duggan

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Proceeding *pro se*, Plaintiff Crispin Brown filed this employment discrimination lawsuit against his employer, Defendant the Commissioner of Social Security, under the Age Discrimination in Employment Act, 29 U.S.C. § 629 *et seq.* (ADEA), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII). Plaintiff alleges that he was discriminated against on the basis of his age (over forty) and gender (male) in August 2011 when he was passed over for a promotion to the position of claims representative at nine different field office locations in the Detroit, Michigan area.

The matter is presently before the Court on Defendant's motion for summary judgment, filed on May 29, 2015. Plaintiff filed a response on June 22, 2015.

Pursuant to E.D. Mich. LR 7.1(f)(2), the Court dispenses with oral argument. For the reasons that follow, the Court will grant Defendant's motion.

Plaintiff does not dispute the facts, as articulated by Defendant in her motion. In brief, they are as follows. At the time relevant to this lawsuit, Plaintiff worked for the Social Security Administration as a teleservice representative. In June 2011, several vacancies became available for the position of claims representative at a number of field office locations throughout the Detroit area. Plaintiff applied, but was not selected, for claims representative positions at the following eight Detroit-area field office locations, two of which had two positions open and the remaining six of which had one position open: (1) Detroit-Southwest; (2) Detroit-East; (3) Detroit-Northwest; (4) Detroit-Wyoming; (5) Roseville; (6) Sterling Heights; (7) Dearborn; and (8) Farmington.[1] The following chart summarizes the pertinent demographics of the candidate(s) chosen over Plaintiff at each field location, along with the type of discrimination claim available to Plaintiff arising out each particular hiring decision:

---

[1] Plaintiff also applied for a position at a ninth field office (Livonia), but the position was never filled, and Plaintiff has abandoned his discrimination claim with respect to that location. Pl. Dep. at 53 (ECF No. 22-2).

2

| Field Office | Age of Selected Candidate | Gender of Selected Candidate | Type of Discrimination Claim Available to Plaintiff |
|---|---|---|---|
| Detroit-Southwest | 30 | Female | Age & Gender |
| Detroit-East | 37 | Male | Age |
| Detroit-Northwest | 33 | Female | Age & Gender |
| Detroit-Wyoming (two positions filled) | 42 | Female | Gender |
| | 33 | Female | Age & Gender |
| Roseville | 38 | Male | Age |
| Sterling Heights | 27 | Male | Age |
| Dearborn (two positions filled) | 29 | Female | Age & Gender |
| | 33 | Male | Age |
| Farmington | 26 | Female | Age & Gender |

*See* Statement of Lorraine Sullivan (ECF No. 22-11); Statement of Peggy Thomas (ECF No. 22-3); Decl. of Michael Kennedy (ECF No. 22-8); Supp. Statement of Huwaida Hasan (ECF No. 22-14); Statement of Angela Shelton (ECF No. 22-9); Statement of Jaymie Petronzi (ECF No. 22-6); Statement of Ramona Ferguson (ECF No. 22-4); Statement of Maria Vanacker (ECF No. 22-15).

The decisionmakers – all of whom selected another candidate over Plaintiff – attested that their hiring decisions were based on the qualifications of the candidates and their suitability for the position, and not based on gender or age. Moreover, with regard to all but two of the challenged hiring decisions, the

decisionmakers attested that they were personally familiar with the job-related abilities of the candidate selected over Plaintiff because the decisionmakers had worked with the chosen candidate in his or her prior position within the Social Security Administration. *See id.* In the first of two cases in which the decisionmaker were not personally familiar with the candidate selected over Plaintiff, the decisionmaker attested that she relied on the recommendation of the chosen applicant's manager, who coincidentally was also Plaintiff's manager. That manager recommended both Plaintiff and the selected candidate for the open position, but "highly" recommended the latter. *See* Supp. Statement of Huwaida Hasan (ECF No. 22-14). In the other case, the decisionmaker attested that the candidate selected over Plaintiff had superior work experience. *See* Statement of Angela Shelton (ECF No. 22-9).

Plaintiff's age discrimination claim is brought under the ADEA and his gender discrimination claim is brought under Title VII. The ADEA makes it unlawful for an employer "to fail or refuse to hire . . . or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In pertinent part, Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such

4

individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). Because Plaintiff does not offer direct evidence of discrimination, he must offer indirect – otherwise known as circumstantial – evidence. The pertinent legal framework is the same for claims under the ADEA and Title VII, and derives from the Supreme Court's decision in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973). Once Plaintiff satisfies his initial prima facie burden – and Defendant assumes for the purposes of its summary judgment motion that Plaintiff satisfied his prima facie burden – "the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for taking the allegedly discriminatory action." *Pierson v. Quad/Graphics Printing Corp.*, 749 F.3d 530, 536 (6th Cir. 2014). The facts articulated above demonstrate that Defendant has met this burden, as the decisionmakers attested that they made their respective hiring decisions based on permissible factors.

Because Defendant has offered legitimate, non-discriminatory reasons for the challenged employment actions, Plaintiff "bears the burden of proving that the employer's justification is pretext for discrimination." *Id.* "An employee may show that an employer's proffered reason for terminating him was pretext by demonstrating 'that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct.'" *Id.* at 539 (quoting *Wexler v. White's Fine*

5

*Furniture, Inc.*, 317 F.3d 564, 576 (6th Cir. 2003) (en banc)). Plaintiff does not attempt to satisfy this burden. In his two-page brief in opposition to Defendant's summary judgment motion, Plaintiff cites several cases for general legal propositions, but does not attempt to apply those propositions to the facts of the present case. Moreover, he does not mention the legitimate, non-discriminatory reasons offered by Defendant for the challenged employment decisions, and offers no evidence establishing that those reasons are pretextual. Because Plaintiff has not satisfied his burden of showing that the legitimate, non-discriminatory reasons offered by Defendant are pretextual, Defendant is entitled to summary judgment.

Accordingly, for the reasons stated, Defendant's motion for summary judgment is **GRANTED**.


Dated: June 30, 2015                s/PATRICK J. DUGGAN
                                    UNITED STATES DISTRICT JUDGE



Copies to:

Crispin Brown
Lynn Marie Dodge, Esq.